UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA VIVIAN HUYNH and JOHN KIEM HUYNH, <br><br> Plaintiffs, <br><br> v. <br><br> NORTHBAY MEDICAL CENTER, TERI RUSSELL, and JEROLD WILCOX, <br><br> Defendants. | No. 2:17-cv-2039-EFB PS <br><br><br> ORDER |

This matter was before the court on December 13, 2017, for hearing on defendants' motion to dismiss plaintiff John Huynh's claims pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), and for plaintiff Maria Huynh to provide a more definite statement pursuant to Rule 12(e).[1] ECF No. 14. Additionally, defendants move to dismiss two of plaintiffs' prayers for relief pursuant to Rule 12(b)(6). *Id.* Attorneys Jason Shapiro and Brian Dixon appeared on behalf of defendants; plaintiffs appeared pro se. For the reasons stated below, defendants' motion is granted in part and denied in part.

/////

/////

---

[1] This case was reassigned to the undersigned based on the consent of the parties. ECF No. 25; *see also* E.D. Cal. L.R. 305; 28 U.S.C. § 636(b)(1).

1

I. <u>Background</u>

Plaintiff Maria Huynh, a former employee of defendant NorthBay Healthcare Corporation ("NorthBay"), and her husband, plaintiff John Huynh, assert claims against defendants NorthBay, Teri Russell, and Jerold Wilcox under Title VII of the Civil Rights Act of 1964, alleging discrimination, harassment, and retaliation. ECF No. 1. According to the complaint, Ms. Huynh began working for defendant NorthBay as an on-call Staffing Scheduling Specialist in January 2011. *Id*. at 9. She obtained full time employment as an Imaging Support Specialist at the VacaValley Hospital in December 2014. Prior to obtaining that position, she consistently received positive work reviews. *Id*. However, her work environment changed upon taking the new position.

Ms. Huynh alleges that in May 2015, she was wrongly reprimanded for an incident involving a "communication issue" with another employee that occurred in March 2015. *Id*. at 10. Ms. Huynh claims that her supervisor, defendant Russell, dismissed her account of the incident and instead accepted the account provided by the other employee. *Id*. Ms. Huynh notified defendant Russell that she opposed the "discriminatory practice; and . . . would seek Protected Activity" by contacting the EEOC. *Id*. She alleges that two days later she was called to a closed door meeting where she was presented with a "Verbal Warning letter." *Id*. The letter was placed in Ms. Huynh's employment file, and she was notified that she was being placed on disciplinary probation, which could lead to her termination. *Id*. at 11. The letter allegedly contained false statements portraying Ms. Huynh as incompetent, and indicating that she had issues with interpersonal relationships that could "be related to a serious medical condition." *Id*.

Ms. Huynh alleges that thereafter she was subjected to harassment by defendant Russell, who made inappropriate gestures—such as flicking her finger at Ms. Huynh—when in the presence of other employees. *Id*. Russell also allegedly staged a meeting regarding another reported complaint made against Ms. Huynh, which was held in the presence of defendant Jerold Wilcox, the department director. *Id*. The complaint further alleges that Russell treated Ms. Huynh differently than other employees. For instance, plaintiff was marked as tardy when she was one minute late to work, but other employees were able to "prepare exceptions without

2

clock-in . . . ." *Id*. at 12. Ms. Huynh claims that Russell also intentionally set the thermostat at an uncomfortably high temperature, and when plaintiff complained Russell posted a sign stating: "Engineering has been instructed to not adjust the temp. of our department without my permission." *Id*. Plaintiff also alleges that defendants Wilcox and Russell suppressed letters of appreciation submitted by patients and coworkers recognizing Ms. Huynh's strong work attributes so that an "Award Certificate" could be presented to other employees. *Id*. at 13.

The complaint also details numerous other examples of how Ms. Huynh was allegedly treated differently from other workers by defendants Russell and Wolcox. *Id*. at 14-16. Plaintiffs claim that the adverse treatment continued to escalate after May 18, 2015, the day Ms. Huynh informed defendant Russell that she "opposed how unfairly [Russel] treated [her] and [that she would] bring it to EEO attention." *Id*. at 16.

Both plaintiffs purport to allege claims for discrimination, harassment, and retaliation in violation of Title VII.

II. Motion to Dismiss

Defendants move to dismiss plaintiff John Huynh's claims pursuant to 12(b)(1) for failure to exhaust administrative remedies and pursuant to Rule 12(b)(6) for failure to state a claim. Additionally, defendants move to dismiss two of the five prayers for relief, arguing that they seek remedies not available under Title VII.

A. Rule 12(b)(1) Standards

On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, plaintiff bears the burden of proof that jurisdiction exists. *See, e.g., Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995); *Thornhill Pub. Co. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Different standards apply to a 12(b)(1) motion, depending on the manner in which it is made. *See, e.g., Crisp v. United States*, 966 F. Supp. 970, 971-72 (E.D. Cal. 1997). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "asserts that the lack of subject matter jurisdiction is apparent from the face of the complaint." *Id*. If the motion presents a facial attack, the court considers the complaint's allegations to be true, and plaintiff enjoys

3

"safeguards akin to those applied when a Rule 12(b)(6) motion is made." *Doe v. Schachter*, 804 F. Supp. 53, 56 (N.D. Cal. 1992).

Conversely, a factual attack challenges the truth of the allegations in the complaint that give rise to federal jurisdiction. If the motion makes a "factual attack" on subject matter jurisdiction, often referred to as a "speaking motion," the court does not presume the factual allegations of the complaint to be true. *Thornhill*, 594 F.2d at 733. In a factual attack, defendant challenges the truth of the jurisdictional facts underlying the complaint. With a factual attack no presumptive truthfulness attaches to plaintiff's allegations and the court may consider evidence such as declarations or testimony to resolve factual disputes. *Id.*; *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). "However, when 'ruling on a jurisdictional motion involving factual issues which also go to the merits, the trial court should employ the standard applicable to a motion for summary judgment.' Under this standard, 'the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Trentacosta v. Frontier Pacific Aircraft Industries, Inc.*, 813 F.2d 1553, 1558 (9th Cir. 1987) (quotations and citations omitted) (emphasis added).

B. Rule 12(b)(6) Standards

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

/////

/////

/////

4

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). However, the Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

### C. Plaintiff John Huynh's Claims

Defendants argue that the court lacks subject matter jurisdiction over Mr. Huynh's Title VII claims because he failed to file a charge with any agency prior to filing this action. ECF No. 14-1 at 4-6. Defendants further argue that Mr. Huynh fails to state a Title VII claim because he does not allege that he was employed by, or applied for employment with, defendants. *Id.* at 7-8.

"Under Title VII, a plaintiff must exhaust her administrative remedies by filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002) (citing 42 U.S.C. § 2000e-5(b)); *see Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2001) ("In order to bring a Title VII claim in district court, a plaintiff must first exhaust her administrative remedies."). "The administrative charge requirement serves the important purposes of giving the charged party notice of the claim and 'narrow[ing] the issues for prompt adjudication and decision.'" *Id.* (quoting *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995) and *Laffey v. N.W. Airlines, Inc.*, 567 F.2d 429, 472 n.325 (D.C. Cir. 1976)). The

requirement that a plaintiff exhaust his administrative remedies is a jurisdictional prerequisite. *B.K.B.*, 276 F.3d at 1099. "In cases where a plaintiff has never presented a discrimination complaint to the appropriate administrative authority, . . . the district court does not have subject matter jurisdiction." *Sommatino*, 255 F.3d at 709.

Here, Mr. Huynh does not explain his theory of liability of the defendants to them. He was never employed by NorthBay Healthcare Corporation nor was he ever subjected to any adverse employment action against him by the defendants. It appears from the complaint that he simply added his name to his wife's complaint and then co-signed it. Thus, no facts have been alleged to show a plausible claim against the defendants under Title VII. Rather, it is clear from the complaint, as wells as the plaintiffs' opposition to the motion, that Mr. Huynh's claims are predicated only on the alleged discriminatory and retaliatory treatment directed at his wife, who was employed by defendants. As Mr. Huynh was not employed by defendants nor subjected to any of the alleged wrongful conduct, his Title VII claims must be dismissed for failure to state a claim. *See Bratton v. Roadway Package System, Inc.*, 77 F.3d 168, 176-77 (9th Cir. 1996) (holding that the plaintiff's wife "may not proceed with the claim under Title VII because she was not [employed by defendant], and because she did not file a charge with the Equal Employment Opportunity Commissions and obtain a right to sue letter."); *Patton v. United Parcel Serv.*, 910 F. Supp. 1250, 1279 (S.D. Tex. 1995) (dismissing non-employee spouse's claims because she had "not shown that she filed a charge of discrimination with the EEOC or the TCHRA, that she received a right to sue letter, or that she timely filed a complaint in district court. Moreover, even if [she] could meet all the requirements, she is not a current or former employee or applicant for employment of UPS and has no standing to sue UPS under Title VII or the TCHRA. The spouse of an employee simply is not a covered individual under Title VII.").

Furthermore, even if Mr. Huynh had alleged facts which could demonstrate some sort of adverse employment action directed at him that was prohibited by Title VII, he concedes that he did not file a charge with the EEOC, or otherwise attempt to exhaust administrative remedies as to any such claim. See ECF No. 16 at 7 ("Plaintiff John Kiem Huynh never was an employee of NorthBay Healthcare Corporation; and until the filing of this case, he had never filed any claims

6

against Defendants' Hospital or any of its employees."). He confirmed that concession at the hearing on the motion. Accordingly, the dismissal of his claims should be without leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a pro se plaintiff leave to amend, leave to amend should not be granted where it appears amendment would be futile).

### D. Prayers for Relief

Defendants also move to dismiss pursuant to Rule 12(b)(6) two of the five remedies requested in the complaint.

Rule 12(b)(6) is the appropriate vehicle for asserting challenges to improper claims for relief. *See Walker v. McCoud Comm. Servs. Dist.*, 2016 WL 951635, at *2 (E.D. Cal. Mar. 14, 2016) ("The proper vehicle for challenging the sufficiency of a punitive damages claim is a motion to dismiss under Rule 12(b)(6), and not a motion to strike under Rule 12(f)."); *see also Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (2010) (holding that Rule 12(f) did not authorize district courts to strike claims for damages on the ground that the damages are precluded as a matter of law, and stating that such a challenge is "better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a Rule 12(f) motion.").

The prayer for relief to the complaint requests five separate remedies: (1) maximum compensatory and punitive damages, (2) an injunction to immediately stop harassment and retaliation, (3) and injunctions precluding Maria Huynh's "work center at NorthBay Fairfield DI" from making changes to shifts without Ms. Huynh's permission, (4) the termination of defendant Teri Russell and Jerold Wilcox's employment, and (5) "retroactive pay and benefits." ECF No. 1 at 7.

Defendants move to dismiss plaintiffs' request to enjoin NorthBay from changing Ms. Huynh's schedule without her permission and for an injunction requiring Teri Russell and Jerold Wilcox's employment be terminated. ECF No. 14-1 at 9-10. Assuming that plaintiff were ever able to prevail on her claims, which is far from clear at this stage, "[d]istrict courts have broad equitable powers to fashion relief for violations of Title VII that will eliminate the effects of past discrimination." *Bouman v. Block*, 940 F.2d 1211, 1233 (9th Cir. 1991); *see also Albermarle*

7

*Paper Co. v. Moody*, 422 U.S. 405, 418-19 (1975) (It is "the purpose of Title VII to make persons whole for injuries suffered on account of unlawful employment discrimination," and "the district court has not merely the power but the duty to render a decree which will so far as possible eliminate the discriminatory effects of the past as well as bar like discrimination in the future."). "However, the court's discretion in fashioning injunctive [relief] is not unlimited and provisions of an injunction may be improper 'if they are broader than necessary to remedy the underlying wrong.'" *EEOC v. Harris Farms, Inc.*, 2005 WL 3039204, at *1 (E.D. Cal. Sep. 30, 2005) (quoting *EEOC v. HBE Corp.*, 135 F.3d 543, 557 (8th Cir. 1998).

Defendants argue that plaintiffs' third and fourth prayers for relief seek remedies "beyond remedying any past wrongs and discontinuing unlawful conduct." The third prayer seeks an injunction that precludes defendants from changing plaintiff's schedule absent her permission. Defendants assert that such a request is broader than necessary to prevent future discrimination. The argue the same as to plaintiff's demand for termination of defendants Russell and Wilcox's employment, especially given that the complaint is devoid of allegations suggesting that discrimination will continue absent such a remedy. Although defendants attack plaintiff's entitlement to those forms of remedies under a Rule 12(b)(6) motion to dismiss, neither prayer for relief is an actual cause of action. Injunctive relief is a remedy derived from the underlying claims and not an independent claim in itself. *See, e.g., Bridgeman v. United States of America*, 2011 WL 221639, at *17 (E.D. Cal. Jan. 11, 2011); *Cox Comm'n PCS, L.P. v. City of San Marcos*, 204 F. Supp. 2d 1272, 1283 (S.D. Cal. 2002). The prayers for relief may ultimately be determined improper, but it is premature to make that determination at this juncture. Ms. Huynh's Title VII claims remain pending and she may or may not prevail on them. If she does, the court will then determine the appropriate remedy. But the court need not determine at this time what remedies should be available to her should she succeed on her claims. *See Friends of Frederick Seig Grove # 94 v. Sonoma Cnty. Water Agency*, 124 F. Supp. 2d 1161, 1172 (N.D.Cal.2000) ("While the Court may ultimately agree with the defendants that injunctive relief is inappropriate, it is by no means evident that the Court can reach such a determination on a

/////

motion to dismiss."). Accordingly, the motion to dismiss the two prayers for relief is denied as premature.

III. Motion for a More Definite Statement

Defendants also move for an order directing plaintiff Maria Huynh to provide a more definite statement pursuant to Rule 12(e). ECF No. 14 at 10-12.

Rule 12(e) provides that a party may move for a more definite statement of a pleading where it "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P 12(e). "Motions for a more definite statement are viewed with disfavor, and are rarely granted." *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999). The proper test for evaluating a motion under Rule 12(e) is "whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." *Id*. "A motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e) attacks the unintelligibility of the complaint, not simply the mere lack of detail, and is only proper when a party is unable to determine how to frame a response to the issues raised by the complaint." *Neveu v. City of Fresno*, 392 F.Supp.2d 1159, 1169 (E.D. Cal. 2005). "Where the complaint is specific enough to [apprise] the responding party of the substance of the claim being asserted or where the detail sought is otherwise obtainable through discovery, a motion for a more definite statement should be denied." *U.S. E.E.O.C. v. Alia Corp.*, 842 F. Supp. 2d 1243, 1250 (E.D. Cal. 2012).

Defendants' primary argument is that the complaint (1) does not comply with Rule 8(a)'s requirement to provide a short and plaintiff statement of the claim showing that the pleading is entitled to relief and (2) fails to state its allegations in numbered paragraphs, each limited to a single set of circumstances, as required by Rule 10(b). Clearly, plaintiffs' complaint is not a model for how to properly allege a Title VII claim. But pro se pleadings must be liberally construed. "A pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *see also Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) ("In civil rights cases where the plaintiff appears pro se, the court must construe the pleading liberally and must afford plaintiff the benefit of any doubt.") (citation omitted).

The complaint indicates that Ms. Huynh brings this case under Title VII, alleging claims for retaliation, discrimination, and harassment. ECF No. 1 at 5. The complaint also alleges that Ms. Huynh is of Asian descent, and that she was subjected to discriminatory acts that occurred between March 2015 and September 2017. *Id.* She further alleges that she was subjected to harassment and retaliation, which escalated in May 2015 when she threatened to file a complaint with the EEOC. *Id.* at 6, 8, 19. The complaint also contains numerous allegations of disparate treatment, although they are poorly organized within the complaint. Although unartfully drafted, it is still clear from the complaint that plaintiff claims a verbal warning was wrongfully placed in her employee file for discriminatory purposes, and that after she notified her supervisors of her intent to file a complaint with the EEOC she was subjected to harassment and retaliation. These allegations are sufficient to satisfy Rule 8.

The complaint does, however, fail to comply with Rule 10(b) which requires that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). But pro se complaints rarely satisfy that requirement, and use of the court's standard complaint form, which plaintiffs' used in this case, necessarily requires pro se plaintiffs to deviate from it. More significantly, the allegations in the complaint are "specific enough to [apprise defendants] the substance of the claim being asserted." *See Alia Corp.*, 842 F.Supp.2d at 1250. Accordingly, plaintiffs' violation of Rule 10(b) does not warrant the submission of a more definite statement.

Lastly, defendants argue that a more definite statement should be provided because the complaint incorporates by reference multiple exhibits that are not appended to the complaint. For instance, after the complaint alleges that defendant Russell posted a sign stating, "Engineering has been instructed to not adjust the temp. of our department without my permission," the complaint cites to "Exhibit E – pic of this posting"). ECF No. 1 at 12. The complaint, however, does not contain an Exhibit E. The failure to include such exhibits does not warrant the requested relief. As noted above, a motion for a more definite statement should be denied "where the detail sought is otherwise obtainable through discovery." *Alia Corp.*, 842 F. Supp. 2d at 1250.

/////

IV. Conclusion

Accordingly, it is hereby ORDERED that:

1. Defendants' motion to dismiss plaintiff Mr. Huynh's claims (ECF No. 14) is granted and Mr. Huynh's claims are dismissed without leave to amend.

2. Defendants' motion to dismiss prayers for relief numbers three and four (ECF No. 14) is denied.

3. Defendants' motion for a more definite statement (ECF No. 14) is denied.

DATED: September 25, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE